IN THE CIRCUIT COURT OF PANOLA COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

PHILLIP BURKS, INDIVIDUALLY, AND
AS ADMINISTRATOR OF THE ESTATE
OF PATRICIA BURKS, AND ON BEHALF
OF AND FOR THE USE AND BENEFIT OF
THE WRONGFUL DEATH BENEFICIARIES
OF PATRICIA BURKS

USDC No. 3:25-cv-115-DMB-RP

PLAINTIFF

VS.                                                            CAUSE NO.: CV 2025 - 0 8 7 JMP2

DIVERSICARE OF BATESVILLE, LLC
D/B/A DIVERSICARE OF BATESVILLE,
DIVERSICARE MANAGEMENT SERVICES, LP,
DIVERSICARE LEASING, LP, UNIDENTIFIED
ENTITIES 1-10, AND JOHN DOES 1-10                              DEFENDANTS

### COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW, the Plaintiff, Phillip Burks, Individually, and as Administrator of the Estate of PATRICIA BURKS, and on Behalf of and for the Use and Benefit of the Wrongful Death Beneficiaries of PATRICIA BURKS, and for his causes of action against Defendants, states:

### I. PARTIES

1.01   Phillip Burks is the natural son of PATRICIA BURKS, deceased, and brings this action, Individually, and as Administrator of the Estate of PATRICIA BURKS, and on Behalf of and for the Use and Benefit of the Wrongful Death Beneficiaries of PATRICIA BURKS, and pursuant to Mississippi law.

1.02   PATRICIA BURKS was, at all times material hereto, a resident of Diversicare of Batesville, LLC d/b/a Diversicare of Batesville a skilled nursing facility located at 154 Woodland Drive, Batesville, Mississippi 38606 from on or about April 10, 2021 until May 1, 2024.

**FILED**

FEB 26 2025

**HEATHER TURNER**
CIRCUIT CLERK

1.03  Defendant, Diversicare of Batesville, LLC d/b/a Diversicare of Batesville (hereinafter "Diversicare of Batesville" or "Nursing Home Defendants" or "The Diversicare of Batesville Defendants") is a business operating in the state of Mississippi with its principal place of business located in Panola County, Mississippi, and that may be served with process to its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110, or a location where said agent may be found. Diversicare of Batesville was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment at Diversicare of Batesville.

1.04  Defendant, Diversicare Management Services, LP (hereinafter "Diversicare Management" or "Nursing Home Defendants" or "The Diversicare of Batesville Defendants") is a business operating in the state of Mississippi and that may be served with process to its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110, or a location where said agent may be found.

1.05  Defendant, Diversicare Leasing, LP (hereinafter "Diversicare Management" or "Nursing Home Defendants" or "The Diversicare of Batesville Defendants") is a business operating in the state of Mississippi and that may be served with process to its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110, or a location where said agent may be found.

1.06  Separate Defendants John Does 1 through 10 are individuals whom Plaintiff is currently unable to identify despite diligent efforts. Said Defendants are named pursuant to MISS. R. CIV. P. 9(h), insofar as their as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of, or in the staffing, supervision,

administration, and direction of the care and treatment of, PATRICIA BURKS, during her residency at Diversicare of Batesville. Alternatively, Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions or others with respect to the care and treatment of PATRICIA BURKS during her residency at Diversicare of Batesville.

1.07    Separate Defendants Unidentified Entities 1 through 10 are entities whom Plaintiff is currently unable to identify despite diligent efforts. Defendants are named pursuant to MISS. R. CIV. P. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of PATRICIA BURKS during her residency at Diversicare of Batesville. Alternatively, Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions of others with respect to the care and treatment of PATRICIA BURKS during her residency at Diversicare of Batesville.

1.08    At all times material hereto, Defendants owned, operated and/or controlled Diversicare of Batesville. The actions of each of Diversicare of Batesville Defendants' servants, agents and employees as set forth herein, are imputed to the Diversicare of Batesville Defendants, John Does 1 through 10, and Unidentified Entities 1 through 10.

## II.    JURISDICTION AND VENUE

2.01    Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-1.08 as if set forth herein.

2.02    Jurisdiction and venue are proper in Panola County, Mississippi, in that a substantial alleged act or omission occurred and/or a substantial event that caused the injury occurred in whole or in part in Panola County, Mississippi, Second Judicial District.

## III.    DEFENDANTS' JOINT VENTURE

3.01    Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-2.02 as if

set forth herein.

  3.02 Diversicare of Batesville, Diversicare Leasing, and Diversicare Management (herein collectively referred to as the "Diversicare Defendants") were engaged in a joint enterprise, in that:

    a. Diversicare Defendants had a mutual understanding for the common purpose of operating Diversicare of Batesville; and

    b. Diversicare Defendants each had a right to a voice in the direction and control of the means to carry out this common purpose.

  3.03 There has been a close relationship between Diversicare Defendants at all times relevant.

  3.04 As a consequence of the joint enterprise, Diversicare Defendants owed a joint duty to Ms. BURKS to use reasonable care for her safety while upon their premises and under their care and supervision at Diversicare of Batesville.

  3.05 As a consequence of the joint enterprise, each Defendant's wrongful acts are imputed to and constitute the acts of the other Defendants and the failure of the Defendants shall be aggregated.

### IV. AGENCY

  4.01 Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-3.02 as if set forth herein.

  4.02 All actions of the staff and other employees and agents of Defendants who were responsible for providing care and treatment to Ms. BURKS while she was a resident with the Diversicare of Batesville Defendants, alleged herein, were performed within the scope of their employment or agency with Defendants.

  4.03 For that reason, Defendants are vicariously liable for the actions of its nursing

staff and other employees and agents in relation to the care of, or failure to care for, Ms. BURKS.

## V. FACTUAL SUMMARY

5.01 Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-4.03 as if set forth herein.

5.02 Ms. BURKS began her residency with the Diversicare of Batesville Defendants on or around April 10, 2021.

5.03 That throughout Ms. BURKS' residency, the Defendants, including any of its staff or other personnel, failed to possess and exercise that degree of care, diligence, and skill as it ordinarily possessed and exercised by minimally competent and reasonably diligent, skillful, careful and prudent nursing homes, and their staff or other personnel.

5.04 Ms. BURKS suffered avoidable accidents, falls, medical conditions, injuries, abuse and neglect, unexplained injuries, suffered disfigurement, poor hygiene, mental decline, and suffered other injuries, and ultimately death, as a result of the improper care and treatment provided to her by the Facility and/or its staff or other personnel throughout her residency with the Defendants.

5.05 Ms. BURKS suffered many incidents, abuse and neglect, improper care, and injuries, including but not limited to the following:

- On or around October 9, 2023, Ms. BURKS was being transferred by the Facility's van from an appointment when she was thrown from her wheelchair, resulting in a traumatic injury to her left lower leg. Ms. BURKS was in her wheelchair and not properly restrained for transport. Ms. BURKS suffered fractures, lacerations, and significant blood loss due to the injury. The Facility failed to prevent an avoidable accident.

- Ms. BURKS suffered bruises, injuries, and extreme pain and suffering, as a result of the Facility's negligence.

- Ms. BURKS received poor personal care while she was a resident of The Facility.

- Ms. BURKS required hospitalizations as a result of the negligence and inaction of the Facility.

- Ms. BURKS suffered an overall decline in her clinical condition as a result the Facility's negligence.

- The Facility failed to meet the standard of care with regard to the care rendered to Ms. BURKS.

5.06   The conditions reflected herein are readily apparent based on a review of Ms. BURKS' chart. As a result of the individual and/or combined negligence, gross negligence, reckless, and willful/wanton actions of the Facility and/or their staff or other personnel, Ms. BURKS suffered extensive injuries and damages, including loss of her dignity, great pain and suffering, disfigurement, and mental anguish. The Facility and/or their staff or other personnel failed to meet the appropriate standard of care with regard to the care and treatment provided to Ms. BURKS throughout her residency with the Facility.

5.07   Defendants were well aware of Ms. BURKS' medical condition and the care that she required when they represented that they could adequately care for her needs.

5.08   At all times material to this lawsuit, Defendants held themselves out as being:

a. Skilled in the performance of nursing, rehabilitative and other medical support services;
b. Properly staffed, supervised, and equipped to meet the total needs of their nursing home residents;
c. Able to specifically meet the total nursing home, medical, and physical therapy needs of PATRICIA BURKS and other residents like her; and
d. Licensed and complying on a continual basis with all rules, regulations, and standards established for nursing homes, nursing home licensees and nursing home administrators.

5.09   The Defendants exercised substantial control over significant aspects of the operation and management of Diversicare of Batesville during Ms. BURKS' residency period,

including but not limited to the creation, setting, funding and/or implementation of budgets; the hiring and training of staff; the monitoring of resident acuity levels and staffing sufficiency to meet each resident's needs; control over resident admissions and discharge to and from the facility; and the creation and enforcement of written policies and procedures pertaining to the rules that provide for the safety and well-being of residents.

5.10 Each of these managerial and operational functions had a direct impact on the quality of care delivered to MS. BURKS and other residents at Diversicare of Batesville and were taken in furtherance of an operation and managerial objective over Diversicare of Batesville.

5.11 The Diversicare of Batesville Defendants substantially derive their revenue and profits from the receipt of taxpayer dollars through federally and state funded Medicare and Medicaid programs.

5.12 Residents with higher acuity levels, i.e., a greater number and degree of illnesses, place higher demands for care and services on the nursing home and its staff.

5.13 The rate at which The Diversicare of Batesville Defendants are reimbursed by Medicare and Medicaid for the delivery of nursing home care and services, and accordingly the amount of their ultimate revenue and profits, are based upon the acuity level of the residents confined to their facilities.

5.14 This creates a financial incentive on nursing home corporations, including The Diversicare of Batesville Defendants, to admit and retain residents with greater mental, physical and psychosocial needs.

5.15 The Defendants failed to discharge their obligations of care to PATRICIA BURKS. As a consequence thereof, PATRICIA BURKS suffered catastrophic injuries, disfigurement, extreme pain and suffering, mental anguish, and ultimately death. The scope and severity of the

recurrent wrongs inflicted upon PATRICIA BURKS while under the care of the Defendants accelerated the deterioration of her health and physical condition beyond that caused by the normal aging process and resulted in physical and emotional trauma as described above.

5.16 The wrongs complained of herein were of a continuing nature and occurred throughout PATRICIA BURKS' stay at Defendants' facilities.

5.17 Plaintiff alleges that on all of the occasions complained of herein, PATRICIA BURKS was under the care, supervision, and treatment of the agents and/or employees of Defendants and that the injuries complained of herein were proximately caused by the acts and omissions of Defendants named herein.

5.18 Defendants had vicarious liability for the acts and omissions of all persons or entities under Defendants' control, either directly or indirectly, including their employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools causing or contributing to the injuries of PATRICIA BURKS.

5.19 Defendants have joint and several liability for the actions complained of herein because they consciously and deliberately pursued a common plan or design to commit the tortious acts described in this Complaint and these Defendants actively took part in such actions.

### COUNT ONE: NEGLIGENCE AGAINST THE DIVERSICARE OF BATESVILLE DEFENDANTS, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.20 Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-5.19 as if set forth herein.

5.21 Defendants owed a duty to residents, including PATRICIA BURKS, to provide adequate and appropriate custodial care and supervision, which a reasonably careful person

would provide under similar circumstances.

5.22    Defendants owed a duty to residents, including PATRICIA BURKS, to exercise reasonable care in providing care and services in a safe and beneficial manner.

5.23    Defendants owed a duty to PATRICIA BURKS to use reasonable care to protect her from unreasonable risk of harm.

5.24    At all times relevant herein, Ms. BURKS was in a defenseless and dependent condition. As a result of her defenseless and dependent condition, Ms. BURKS relied upon Defendants to provide for her safety, protection, care and treatment.

5.25    At all times relevant herein, Defendants had a duty to act in accordance with the standards of care required of those who own, operate, manage, maintain, and/or control a skilled nursing facility.

5.26    This duty required Defendants to implement and enforce policies and procedures to ensure the proper care for, and treatment of, residents such as Ms. BURKS.

5.27    This duty required Defendants to have sufficient and qualified staff to ensure the proper care for, and treatment of, residents such as Ms. BURKS.

5.28    This duty required Defendants to ensure that its agents, servants and/or employees were properly educated and trained with regard to the care for, and treatment of, residents such as Ms. BURKS.

5.29    The Defendants and their employees/agents breached their duty to use reasonable care in the performance of nonmedical, administrative, ministerial or routine care, for PATRICIA BURKS' safety.

5.30    Defendants breached this duty by failing to deliver care and services that a reasonably careful person would have provided under similar circumstances and by failing to

prevent the mistreatment, abuse and neglect of PATRICIA BURKS.

5.31 As a direct and proximate result of the negligence of Defendants as set out above, PATRICIA BURKS suffered injuries, as set forth herein all of which required hospitalization and medical treatment, and all of which required MS. BURKS to incur significant hospital and medical expenses.

5.32 WHEREFORE, based on such conduct of Defendants as set forth above, Plaintiff asserts a claim for judgment for compensatory and punitive damages against Defendants including, but not limited to, medical expenses, physical pain and suffering, mental anguish, disability, humiliation, disfigurement, and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

**COUNT TWO: (IN THE ALTERNATIVE) MEDICAL MALPRACTICE AGAINST THE DIVERSICARE OF BATESVILLE DEFENDANTS, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10**

5.33 Plaintiff hereby re-alleges and incorporates the allegations in paragraphs 1.01-5.32, as if fully set forth herein.

5.34 Defendants owed a duty to residents, including PATRICIA BURKS, to hire, train, and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

5.35 Defendants owed a duty to residents, including PATRICIA BURKS, to render care and services as a reasonably prudent and similarly situated nursing home employee would render, including, but not limited to, rendering care and services in a safe and beneficial manner.

5.36 Defendants owed a duty to assist all residents, including PATRICIA BURKS, in attaining and maintaining the highest level of physical, mental, and psychosocial well-being.

5.37 Defendants failed to meet the standard of care and violated their duty of care to

PATRICIA BURKS through mistreatment, abuse, and neglect. The medical negligence of these Defendants includes, but is not limited to, the following acts and omissions:

    a. LEGAL COMPLIANCE – Complying with applicable federal regulations, state statutes and rules, and professional standards of care;

    b. WELL-BEING AND QUALITY OF LIFE – Providing goods and services for PATRICIA BURKS necessary to avoid physical harm and mental anguish; caring for PATRICIA BURKS in a manner and in an environment that promoted maintenance or enhancement of her quality of life; and providing the necessary care and services for PATRICIA BURKS to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care;

    c. ASSESSMENT – Conducting a comprehensive, accurate, standardized reproducible assessment of PATRICIA BURKS' functional capacity;

    d. CARE PLANNING – Developing and implementing a comprehensive, individualized care plan for PATRICIA BURKS that included measurable objectives and timetables to meet her medical, nursing, mental, and psychosocial needs;

    e. ACCIDENTS – Ensuring that PATRICIA BURKS' environment remained as free from accident hazards and that she received adequate supervision and assistance devices to prevent accidents;

    f. NURSING INTERVENTIONS – Developing and implementing new nursing interventions when Defendants' Care Plan for PATRICIA BURKS no longer met her needs;

    g. CLINICAL RECORDS – Maintaining clinical records for PATRICIA BURKS in accordance with accepted professional standards and accepted standards of professional nursing practice; and

    h. OTHER FAILURES – which will be shown throughout litigation.

5.38    A reasonably prudent nursing home operating under the same or similar conditions, would not have failed to provide the care listed in the above paragraphs. Each of the foregoing acts of medical negligence on the part of Defendants was a proximate cause of PATRICIA BURKS' injuries. PATRICIA BURKS' injuries and death were foreseeable to these

Defendants.

5.39    Defendants' conduct in breaching the duties owed to PATRICIA BURKS was grossly negligent, willful, wanton, malicious and reckless.

5.40    As a direct and proximate result of such grossly negligent, willful, wanton, reckless and malicious conduct, PATRICIA BURKS suffered injuries and also suffered extreme pain, suffering, and mental anguish, all of which required medical treatment. As a result, Ms. BURKS incurred significant medical expenses.

5.41    WHEREFORE, based on the conduct set forth above of Defendants, Plaintiff asserts a claim for judgment for compensatory and punitive damages against these Defendants including, but not limited to, medical expenses, physical pain and suffering, mental anguish, disability, humiliation, disfigurement, and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

**COUNT THREE: MALICE, AND/OR GROSS NEGLIGENCE WHICH EVIDENCES A WILLFUL, WANTON, OR RECKLESS DISREGARD FOR THE SAFETY OF PATRICIA BURKS AGAINST THE DIVERSICARE OF BATESVILLE DEFENDANTS, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10**

5.42    Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01- 5.41, as if fully set forth herein.

5.43    The longevity, scope and severity of Defendants' failures and actions constitute malice, and/or gross negligence that evidences a willful, wanton or reckless disregard for the safety of others, including PATRICIA BURKS. Specifically, such conduct was undertaken by Defendants without regard to the health and safety consequences to those residents, such as PATRICIA BURKS, entrusted to their care. Moreover, such conduct evidences little regard for their duties of care, good faith, and fidelity owed to MS. BURKS.

5.44    The malice, and/or gross negligence which evidences a willful, wanton, or

reckless disregard for the safety of others, including PATRICIA BURKS, includes, but is not limited to, acts and omissions as alleged in the above paragraphs, as well as the following:

    a.    LEGAL COMPLIANCE – Complying with applicable federal regulations, state statutes and rules, and professional standards of care;

    b.    WELL-BEING AND QUALITY OF LIFE – Providing goods and services for PATRICIA BURKS necessary to avoid physical harm and mental anguish; caring for PATRICIA BURKS in a manner and in an environment that promoted maintenance or enhancement of her quality of life; and providing the necessary care and services for PATRICIA BURKS to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care;

    c.    ASSESSMENT – Conducting a comprehensive, accurate, standardized reproducible assessment of PATRICIA BURKS' functional capacity;

    d.    CARE PLANNING – Developing and implementing a comprehensive, individualized care plan for PATRICIA BURKS that included measurable objectives and timetables to meet her medical, nursing, mental, and psychosocial needs;

    e.    ACCIDENTS – Ensuring that PATRICIA BURKS' environment remained as free from accident hazards and that she received adequate supervision and assistance devices to prevent accidents;

    f.    NURSING INTERVENTIONS – Developing and implementing new nursing interventions when Defendants' Care Plan for PATRICIA BURKS no longer met her needs;

    g.    CLINICAL RECORDS – Maintaining clinical records for PATRICIA BURKS in accordance with accepted professional standards and accepted standards of professional nursing practice; and

    h.    OTHER FAILURES – which will be shown throughout litigation.

5.45    As a direct and proximate result of the above cited malice, and/or gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others, including PATRICIA BURKS, she suffered injuries as set herein, all of which required Ms. BURKS to incur significant medical expenses as well as suffer extreme pain, suffering, mental anguish,

13

embarrassment, and fright, all of which required hospitalization and medical treatment.

5.46 WHEREFORE, based on such conduct of Defendants, Plaintiff asserts a claim for judgment for compensatory and punitive damage against Defendants including, but not limited to, medical expenses, physical pain and suffering, mental anguish, disability, and humiliation, and disfigurement in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT FOUR: STATUTORY SURVIVAL CLAIM AGAINST THE DIVERSICARE OF BATESVILLE DEFENDANTS, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.47 Plaintiff re-alleges and incorporates the allegations in paragraph 1.01 through 5.46, as if fully set forth herein.

5.48 As a direct and proximate result of the negligence, malice, and/or gross negligence that evidenced and willful, wanton or reckless disregard for the safety of others, including PATRICIA BURKS, MS. BURKS suffered injuries and death as set forth herein, all of which caused physical pain and suffering, mental anguish, humiliation, embarrassment, disfigurement, fright, and emotional distress. As a result, PATRICIA BURKS incurred significant hospital and medical expenses.

5.49 As a direct, natural and proximate result of the negligence, malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, PATRICIA BURKS died on May 1, 2024, thereby incurring funeral, burial, and other related expenses.

5.50 WHEREFORE, based on and arising out of the conduct of Defendants as set out above, Plaintiff asserted a claim for judgment for compensatory and punitive damages for PATRICIA BURKS' death, including, but not limited to medical expenses, and other related

14

expenses incurred as a result of Defendant's wrongful acts and omissions, as well as damages for physical pain and suffering, mental anguish, disability, humiliation, disfigurement and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT FIVE: STATUTORY WRONGFUL DEATH CLAIM AGAINST DIVERSICARE OF BATESVILLE DEFENDANTS, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.51  Plaintiff re-alleges and incorporates the allegations in paragraph 1.01 through 5.50, as if fully set forth herein.

5.52  As a direct and proximate result of the negligence, malice, and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including PATRICIA BURKS, Defendants caused the death of PATRICIA BURKS.

5.53  As a direct, natural and proximate result of the negligence, malice, and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, PATRICIA BURKS suffered extreme pain, suffering, mental anguish, embarrassment, disfigurement, and fright, all of which required hospitalization and medical treatment. PATRICIA BURKS died on May 1, 2024, thereby incurring funeral, burial and other related expenses.

5.54  As a result of the death of PATRICIA BURKS, the wrongful death beneficiaries suffered loss of consortium, attention, guidance, care, protection, training, companionship, compassion, affection, and love.

5.55  WHEREFORE, based on such conduct of Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including but not limited to PATRICIA BURKS' physical pain and suffering, mental anguish, disfigurement, and death in an amount to be determined by the jury, plus costs and all other

relief to which Plaintiff is entitled by law. Additionally, based on such conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants based on the damages sustained by the wrongful death beneficiaries as a result of the loss of a personal relationship with PATRICIA BURKS including but not limited to loss of support, companionship, consortium, attention, guidance, care, protection, training, compassion, affection, and love, in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled.

### PRAYER FOR RELIEF

Pursuant to Mississippi Rules of Civil Procedure, Plaintiff demands that all issues of fact in the case be tried to a jury.

WHEREFORE, the Plaintiff, Phillip Burks, Individually, and as Administrator of the Estate of PATRICIA BURKS, and on Behalf of and for the Use and Benefit of the Wrongful Death Beneficiaries of PATRICIA BURKS, and for his causes of action, prays for judgment against all Defendants, as follows:

1. For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damages sustained;

2. For all general and special damages caused by the alleged conduct of Defendants;

3. For the costs of litigating this case;

5. For punitive damages sufficient to punish Defendants for their egregious conduct and to deter all Defendants from repeating such atrocities; and

5. For all relief to which Plaintiff is entitled by Mississippi law.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, sues and demands judgment

of and from the Defendants, for all damages allowed under law including compensatory damages and punitive damages in an amount to be determined by the jury, and for any such other relief which the Court may deem appropriate.

RESPECTFULLY SUBMITTED, this the 21st day of February, 2025.

PHILLIP BURKS, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF PATRICIA BURKS, AND ON BEHALF OF AND FOR THE USE AND BENEFIT OF THE WRONGFUL DEATH BENEFICIARIES OF PATRICIA BURKS

By: /s/ R. Paul Williams, III
R. PAUL WILLIAMS, III

R. PAUL WILLIAMS, III (MSB #102345)
COURTNEY M. WILLIAMS (MSB #102347)
MATT NEWMAN (MSB# 103654)
WILLIAMS NEWMAN WILLIAMS, PLLC
640 North State Street (39202)
Post Office Box 23785
Jackson, Mississippi  39225
Tel:   (601) 949-5080
Fax:  (601) 949-5538
Email: paul@wnwlegal.com
            courtney@wnwlegal.com
            matt@wnwlegal.com

IN THE CIRCUIT COURT OF PANOLA COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

PHILLIP BURKS, INDIVIDUALLY, AND
AS ADMINISTRATOR OF THE ESTATE
OF PATRICIA BURKS, AND ON BEHALF
OF AND FOR THE USE AND BENEFIT OF
THE WRONGFUL DEATH BENEFICIARIES
OF PATRICIA BURKS     **PLAINTIFF**

VS.     CAUSE NO.: CV.2025-087 JMP2

DIVERSICARE OF BATESVILLE, LLC
D/B/A DIVERSICARE OF BATESVILLE,
DIVERSICARE MANAGEMENT SERVICES, LP,
DIVERSICARE LEASING, LP, UNIDENTIFIED
ENTITIES 1-10, AND JOHN DOES 1-10     **DEFENDANTS**

**CERTIFICATE OF EXPERT CONSULTATION**
**PURSUANT TO MISSISSIPPI CODE ANNOTATED § 11-1-58**

I hereby certify pursuant to Miss. Code Ann. § 11-1-58(1)(a) that I have reviewed the facts of this case and have consulted with at least one expert qualified pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence to give expert testimony as to standard of care or negligence and who I reasonably believe is knowledgeable in the relevant issues involved in this action. I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

SO CERTIFIED this 21st day of February, 2025.

_____
R. PAUL WILLIAMS, III

R. PAUL WILLIAMS, III (MSB# 102345)
COURTNEY M. WILLIAMS (MSB# 102347)
MATT NEWMAN (MSB# 103654)
WILLIAMS NEWMAN WILLIAMS, PLLC
Post Office Box 23785
Jackson, Mississippi 39225
(601)949-5080

**EXHIBIT A**