**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**PHILLIP BURKS, individually,**     **PLAINTIFF**
**and as administrator of the Estate
of Patricia Burks, and on behalf of
and for the use and benefit of the
wrongful death beneficiaries of
Patricia Burks**

**V.**     **NO. 3:25-CV-115-DMB-RP**

**DIVERSICARE OF BATESVILLE,
LLC, d/b/a Diversicare of Batesville;
DIVERSICARE MANAGEMENT
SERVICES, LP; DIVERSICARE
LEASING, LP; CHRISTOPHER
REED; UNIDENTIFIED ENTITIES
1-10; and JOHN DOES 2-10**     **DEFENDANTS**

**ORDER**

    Phillip Burks moves to remand this case to the Circuit Court of Panola County. Because the amended complaint's addition of a non-diverse defendant destroyed diversity of citizenship, remand will be granted.

**I
Procedural History**

    On February 21, 2025, Phillip Burks, individually and as administrator of the Estate of Patricia Burks, and on behalf of and for Patricia's wrongful death beneficiaries, filed a complaint in the Circuit Court of Panola County, Mississippi, against Diversicare of Batesville, LLC, d/b/a Diversicare of Batesville; Diversicare Management Services, LP; Diversicare Leasing, LP (collectively "Diversicare Defendants"); Unidentified Entities 1-10, and John Does 1-10. Doc. #2. Asserting diversity jurisdiction, the Diversicare Defendants removed the case to the United States District Court for the Northern District of Mississippi on April 10, 2025. Doc. #1. Four days later,

the Court ordered the Diversicare Defendants to show cause within fourteen days why this case should not be remanded for lack of diversity jurisdiction due to their failure to identify their respective members and partners and the citizenship of each. Doc. #5 at 2. In response, the Diversicare Defendants timely filed an amended notice of removal establishing diversity jurisdiction. Doc. #7.

On August 5, with leave of the Court,[1] Phillip filed an amended complaint adding as a defendant Christopher Reed, an alleged Mississippi citizen, and asserting against all defendants negligence, medical malpractice, malice and/or gross negligence, survival, and wrongful death claims based on allegations of "tortious acts and/or omissions … with respect to [Patricia's] care and treatment … during her residency at Diversicare of Batesville." Doc. #21 at 3. On September 3, Burks filed a motion to remand this case to the Circuit Court of Panola County. Doc. #23.[2] The defendants did not respond to the motion.[3]

## II
## Removal and Remand

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal citation omitted). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*,

---

[1] Doc. #20.

[2] In violation of Local Rule 7(b)(4), Phillip did not file a memorandum brief in support of the motion to remand. However, in the interest of efficiency, given the straightforward issue presented by the remand motion, the Court excuses such noncompliance.

[3] On September 19, the Diversicare Defendants moved to extend their response deadline but the Court denied the motion that day. Doc. #27.

2

543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.* 477 F.3d 320, 323 (5th Cir. 2007)).

## III
## Discussion

Phillip submits "this action should be remanded because the Mississippi citizenship of Defendant Christopher Reed deprives this Honorable Court of subject matter jurisdiction over this matter. 28 U.S.C. § 1447(c) states that '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded.'" Doc. #23 at PageID 320 (emphasis in original).

Diversity jurisdiction requires (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "Parties are completely diverse if 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.*, 136 F.4th 568, 572 (5th Cir. 2025) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

When Reed was added as a defendant through the amended complaint, diversity of citizenship was destroyed because Reed is alleged to be a Mississippi citizen like Phillip. Consequently, in the absence of any attempt by the defendants to meet their burden to show jurisdiction exists, this Court lacks subject matter jurisdiction over this case.

## IV
## Conclusion

The motion to remand [23] is **GRANTED**. This case is **REMANDED** to the Circuit Court of Panola County, Mississippi.

**SO ORDERED**, this 10th day of October, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

3